IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH A. GRIEGO,

    Plaintiff,

v.                                                 Civ. No. 00-1776   JP/DJS - ACE

CITY OF ALBUQUERQUE,

and

RONALD BESSERRA,
Director, Albuquerque Convention
Center, in his Individual Capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT RONALD BESSERRA'S MOTION TO DISMISS

On July 25, 2001, Defendant Ronald Besserra filed a motion to dismiss (Doc. No. 18). The motion seeks to dismiss Plaintiff's complaint against him because, according the Defendant Besserra, the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12 (b)(6). Defendant Bessarra contends that a fair reading of Plaintiff's complaint leads to the inescapable conclusion that Defendant Bessarra was at all times "a public employee acting in the scope of his employment." Def. Mem. in Supp. of Mot. to Dismiss at 3. If one concedes that Defendant Bessarra was acting within the scope of his duties as a public employee when performing the acts giving rise to Plaintiff's assertions of fraud and prima facie tort, Defendant Besserra may be entitled to immunity because New Mexico's Tort Claims Act does not waive the state's sovereign immunity for these claims. *See* NMSA 1978, §§ 41-4-1 to -29 (1976, as

amended) (waiving the state's sovereign immunity in limited, enumerated circumstances). However, Plaintiff makes no such concession. Pl.'s Resp. to Def.'s Mot. to Dismiss at 3-4.

Dismissal of a complaint under Rule 12 (b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court observes that Plaintiff sued Defendant Bessarra in his *individual* capacity, as demonstrated by the caption of the complaint. In light of the standard under which the Court considers Rule 12 (b)(6) motions, and the fact that discovery has yet to begin in this case, Pl.'s Resp. to Def.'s Mot. to Dismiss at 1, it is entirely plausible that Plaintiff will be able to discover and prove facts demonstrating that Defendant Besserra acted in his individual capacity, as Plaintiff has alleged. Given the "powerful presumption against rejecting pleadings for failure to state a claim," *Maez v. Mountain States Telephone & Telegraph*, 54 F.3d 1488, 1496 (10th Cir. 1995) (citations and quotations omitted), the Court will deny Defendant Bessarra's motion to dismiss. Fact specific inquires, such as whether Defendant Besserra was acting within the scope of his duty as a public employee, are better suited for summary judgment motions, not motions to dismiss as a matter of law under Rule 12 (b)(6).

In pursuing discovery to support or defeat Plaintiff's counts for fraud or prima facie tort the parties should be aware that immunity under New Mexico's Tort Claims Act (TCA) is not predicated on the scope of employment, as each party seems to believe. Def. Mem. in Supp. of Mot. to Dismiss at 3; Pl.'s Resp. to Def.'s Mot. to Dismiss at 4. A state employee is entitled to immunity from liability only if he is "acting within the scope of duty." NMSA 1978 , § 41-4-4 (A) (2001). Under state law, the phrase "scope of duties" is not equivalent to the "scope of employment." *Risk Management Div. v. McBrayer*, 2000-NMCA-104, ¶ 2 129 N.M. 778, 14

P.3d 43.

IT IS THEREFORE ORDERED that Defendant Ronald Besserra's motion to dismiss (Doc. No. 18) is DENIED.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**